**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.B. and M.B.**

**No. 22-662** (Jackson County 21-JA-90 and 21-JA-91)

**MEMORANDUM DECISION**

Petitioner Father D.B.[1] appeals the Circuit Court of Jackson County's July 25, 2022, order terminating his parental rights to C.B. and M.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August of 2021, the DHHR filed an abuse and neglect petition alleging that petitioner neglected the children by virtue of his substance abuse and that he sexually abused M.B. Prior to the petition's filing, then-eleven-year-old M.B. participated in two Child Advocacy Center ("CAC") interviews. During the first interview, the child made disclosures concerning petitioner, including that petitioner had shown him pornographic material, but denied that anyone had touched him inappropriately. During the second interview, conducted roughly two weeks after the first, M.B. was clear that petitioner had, in fact, attempted to touch him inappropriately. According to M.B., he was "freaked out to tell" the interviewer about the attempted touching during the first interview because "it's really weird" and he struggled "saying that to people [he didn't] know real well."

Prior to the adjudicatory hearing, petitioner moved for M.B. to provide in camera testimony. Petitioner alleged that the child's mother "exercised undue influence over M.B. to get him to fabricate the alleged touching incident after the initial interview." The circuit court held a hearing on the motion in January 2022. Critically, at no time did petitioner present any evidence that M.B. testifying would not psychologically harm the child or that the testimony's necessity outweighed such harm. Ultimately, the court denied petitioner's motion upon finding that the potential psychological harm to the child outweighed the need for the child's testimony.

---

[1] Petitioner appears by counsel Roger L. Lambert. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Rebecca Stollar Johnson appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

As petitioner challenges only the denial of his motion for in camera testimony of M.B., it is unnecessary to belabor the procedural history of this matter. Instead, it is sufficient to note that the court adjudicated petitioner of abuse and neglect following a hearing in February 2022. The court then terminated petitioner's parental rights to the children following a dispositional hearing in June 2022.[3] It is from the dispositional order that petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises only one assignment of error in which he argues that it was error to deny his motion for in camera testimony of M.B. Petitioner correctly notes our following holding:

> In a child abuse and neglect civil proceeding held pursuant to West Virginia Code § [49-4-601], a party does not have a procedural due process right to confront and cross-examine a child. Under Rule 8(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, there is a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony. The circuit court shall exclude this testimony if it finds the potential psychological harm to the child outweighs the necessity of the child's testimony.

Syl. Pt. 7, *In re J.S.*, 233 W. Va. 394, 758 S.E.2d 747 (2014). Despite recognizing this prior holding, petitioner nonetheless argues that M.B.'s "prior inconsistent statement created a deficiency in the fact-finding process" such that in camera testimony was required. This argument is unavailing. Petitioner failed to rebut the presumption that the potential psychological harm to the child from testifying outweighs the necessity of that testimony. Because petitioner has failed to rebut this presumption, we find no error in the court's denial of his motion.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 25, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]The children remain in the sole custody of the nonabusing mother.

[4]Petitioner raises no assignment of error concerning the termination of his parental rights.